IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAURIO M. BUTLER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0700-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Maurio M. Butler, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 2004, petitioner pled guilty to possession of less than one gram of cocaine and was sentenced to one-year confinement.[1] His conviction and sentence were affirmed on direct appeal. *Butler v. State*, No. 05-04-01812-CR, 2005 WL 3471473 (Tex. App.--Dallas, Dec. 20, 2005, pet. ref'd). Petitioner also filed two applications for state post-conviction relief. The first application was dismissed because a direct appeal was pending. *Ex parte Butler*, WR-66,498-01 (Tex. Crim. App. Jan. 10, 2007). The second application was dismissed because petitioner had discharged his sentence

---

[1] Petitioner also pled guilty to possession of ecstacy, aggravated robbery, and unlawful possession of a firearm by a felon. Those convictions are the subject of separate federal writs currently pending before other judges in this district. *See Butler v. Quarterman*, No. 3-09-CV-0688-M (N.D. Tex., filed Apr. 15, 2009); *Butler v. Quarterman*, No. 3-09-CV-0699-D (N.D. Tex., filed Apr. 16, 2009); *Butler v. Quarterman*, No. 3-09-CV-0701-L (N.D. Tex., filed Apr. 16, 2009).

on the cocaine conviction and was no longer in custody on that conviction. *Ex parte Butler*, WR-66,498-06 (Tex. Crim. App. Sept. 10, 2008).[2] Petitioner then filed this action in federal district court.

## II.

In five grounds for relief, petitioner contends that: (1) his conviction was the result of evidence obtained by an illegal search and seizure; (2) the trial court failed to suppress the illegally seized evidence; (3) he received ineffective assistance of counsel; (4) the state appellate court did not address all the issues raised on direct appeal; and (5) his guilty plea was not knowing or voluntary. Before addressing these claims, the court must determine whether petitioner is "in custody" under his cocaine conviction.

### A.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary. . . . [O]nce the sentence imposed for a conviction has completely expired,

---

[2] Petitioner remains in custody on his other convictions.

> the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original); *see also Hendrix*, 888 F.2d at 337 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254).

B.

While recognizing that he fully discharged his one-year sentence for cocaine possession prior to filing his federal writ, petitioner argues that he continues to face "collateral legal consequences" as a result of that conviction. (*See* Pet. Reply at 1, 3-4; *see also* Prelim. Resp., Exh. C). Specifically, petitioner alleges that he is "being deprived of his right and ability to obtain gainful employment in his chosen profession and to obtain bonding for positions of trust," is not eligible for federal housing, education, and employment programs, and may not obtain various occupational licenses. (*See* Pet. Reply at 4). While such collateral consequences may bear on a mootness inquiry, they do not satisfy the "in custody" requirement of 28 U.S.C. § 2254. *See Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir.), *cert. denied*, 126 S.Ct. 757 (2005) (noting that collateral consequences of an expired sentence could prevent federal writ from becoming moot if petitioner was released from custody after the writ was filed, but could not satisfy the "in custody" requirement if petitioner filed his writ after his sentence expired); *see also, e.g. Bush v. Goff*, No. C07-5636-JCC, 2008 WL 375089 at *3 (W.D. Wash. Feb. 7, 2008) (rejecting argument that petitioner was "in custody" under expired sentence because of difficulty in obtaining employment and housing); *Yoder v. Celebrezze*, 856 F.2d 197 (Table), 1988 WL 93103 at *1 (6th Cir. Sept. 8, 1988), *cert. denied*, 109 S.Ct. 2428 (1989)

(revocation of teaching certificate was a "collateral consequence" relevant to mootness inquiry, not jurisdiction). Consequently, the court lacks subject matter jurisdiction over this action.[3]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] The Supreme Court has held that a petitioner who receives *consecutive* sentences for multiple offenses remains "in custody" and may seek federal habeas relief with respect to any of those convictions until all consecutively imposed sentences are discharged. *See Garlotte v. Fordice*, 515 U.S. 39, 45-46, 115 S.Ct. 1948, 1952, 132 L.Ed.2d 36 (1995). This is true even where the sentence associated with the challenged conviction has expired. *Id.* However, in this case, petitioner received *concurrent* sentences for possession of cocaine, possession of ecstacy, aggravated robbery, and unlawful possession of a firearm by a felon. Under these circumstances, petitioner may not circumvent the "in custody" requirement with respect to his cocaine conviction by arguing that he remains confined on his other convictions. *See, e.g. Conley v. Quarterman*, No. 3-07-CV-1743-K, 2008 WL 1776449 at *2 n.2 (N.D. Tex. Apr. 14, 2008), *COA denied*, No. 08-10389 (5th Cir. Nov. 14, 2008).

DATED: August 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE